J-S24028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TISZAR S. POPE | : | |
| | : | |
| Appellant | : | No. 117 WDA 2021 |

Appeal from the Judgment of Sentence Entered January 9, 2019
In the Court of Common Pleas of Beaver County
Criminal Division at No(s):  CP-04-CR-0000666-2018

BEFORE:   DUBOW, J., KING, J., and STEVENS, P.J.E.*

MEMORANDUM BY KING, J.:                    **FILED: AUGUST 30, 2021**

Appellant, Tiszar S. Pope, appeals *nunc pro tunc* from the judgment of sentence entered in the Beaver County Court of Common Pleas, following his negotiated guilty plea to aggravated assault and strangulation.[1]  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows.  On January 9, 2019, Appellant pled guilty to aggravated assault and strangulation.  In exchange for Appellant's plea, the Commonwealth agreed to drop more serious charges and the parties agreed to an aggregate term of 15 to 40 years' imprisonment.  Appellant executed a written guilty plea

_____

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2718(a), respectively.

colloquy, and following an oral plea colloquy, the court accepted Appellant's guilty plea as knowing, intelligent and voluntary. The court sentenced Appellant that day to the negotiated aggregate term of 15 to 40 years' imprisonment. Specifically, the court sentenced Appellant to 10 to 20 years' imprisonment for aggravated assault and a consecutive 5 to 20 years' imprisonment for strangulation.

On January 24, 2019, Appellant filed a *pro se* motion alleging his guilty plea was unlawful and his sentence was illegal.[2] Because Appellant was still represented by counsel, the clerk of courts forwarded the motion to counsel in accordance with Pa.R.Crim.P. 576(A)(4) (stating that in any case in which defendant is represented by counsel, if defendant submits for filing written motion, clerk of courts shall accept it for filing, time stamp it with date of receipt and make docket entry reflecting date of receipt, and place document in criminal file; copy of time stamped document shall be forwarded to defendant's attorney and attorney for Commonwealth within 10 days). Counsel filed an amended post-sentence motion on February 4, 2019, reiterating Appellant's request to withdraw his guilty plea and purporting to challenge the legality of the sentence. The court subsequently ordered the parties to brief the issue of whether the post-sentence motion was timely, where Appellant's *pro se* motion was prohibited by the rule against hybrid

---

[2] The *pro se* motion was dated January 18, 2019, and postmarked January 22, 2019.

- 2 -

representation. The court made clear in its briefing order that it had not extended the time frame in which Appellant was permitted to file a post-sentence motion. Following briefing of the parties, the court denied the post-sentence motion on April 4, 2019.

On December 19, 2019, Appellant timely filed a *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546. The court appointed PCRA counsel, who filed an amended petition on October 13, 2020, requesting reinstatement of Appellant's direct appeal rights *nunc pro tunc*.[3] On January 12, 2021, the PCRA court granted the requested relief. Appellant timely filed a notice of appeal *nunc pro tunc* on January 19, 2021. That same day, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Counsel subsequently filed a statement of intent to file a petition to withdraw and **Anders**[4] brief, per Pa.R.A.P. 1925(c)(4).

Preliminarily, appellate counsel seeks to withdraw representation pursuant to **Anders** and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2)

---

[3] Appellant did not request reinstatement of his post-sentence motion rights *nunc pro tunc*.

[4] **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. ***Santiago, supra*** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa.Super. 2007).

In ***Santiago, supra***, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw:

> Neither ***Anders*** nor ***McClendon***[5] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under ***Anders*** are references to anything in the record that might arguably support the appeal.
>
> \* \* \*
>
> Under ***Anders***, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

***Santiago, supra*** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is

---

[5] ***Commonwealth v. McClendon***, 495 Pa. 467, 434 A.2d 1185 (1981).

- 4 -

frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 178-79, 978 A.2d at 361. After confirming that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. *Commonwealth v. Palm*, 903 A.2d 1244, 1246 (Pa.Super. 2006). *See also Commonwealth v. Dempster*, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

Instantly, appellate counsel has filed a petition to withdraw. The petition (which refers to the reasoning in the *Anders* brief) states counsel conducted a conscientious review of the record and determined the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the brief and a proper letter explaining Appellant's right to retain new counsel or proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. In the *Anders* brief, counsel provides a summary of the facts and procedural history of the case and refers to relevant law that might arguably support Appellant's issues. Counsel further states the reasons for her conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of *Anders* and *Santiago*.

Counsel raises the following issues on Appellant's behalf:

Whether the trial court abused its discretion in denying Appellant's post-sentence motion to withdraw guilty plea?

Whether the sentences received for the counts of aggravated assault and strangulation were illegal because it went above the aggravated range of sentencing pursuant to

the sentencing guidelines?

(**Anders** Brief at 7).[6]

With respect to Appellant's first issue, we initially observe: "Settled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea." **Commonwealth v. Lincoln**, 72 A.3d 606, 609 (Pa.Super. 2013), *appeal denied*, 624 Pa. 688, 87 A.3d 319 (2014). Additionally, "[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." **Id.** at 609-10 (holding defendant failed to preserve challenge to validity of guilty plea where he did not object during plea colloquy or file timely post-sentence motion to withdraw plea). **See also** Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i) (stating post-sentence motion challenging validity of guilty plea shall be filed no later than 10 days after imposition of sentence).

Instantly, the court sentenced Appellant on January 9, 2019. Consequently, a timely post-sentence motion was due January 22, 2019.[7]

---

[6] Appellant has not responded to the **Anders** brief *pro se* or with new counsel.

[7] The 10th day, January 19, 2019, was a Saturday and the following Monday was Martin Luther King, Jr. Day. **See** 1 Pa.C.S.A. § 1908 (stating: "Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation").

Although Appellant's *pro se* post-sentence motion was dated January 18, 2019, and postmarked January 22, 2019, that filing is considered a legal nullity where Appellant was represented by counsel at the time. ***See Commonwealth v. Williams***, 151 A.3d 621, 623 (Pa.Super. 2016) (explaining general rule that hybrid representation is not permitted; this Court will not accept *pro se* motion while appellant is represented by counsel; such *pro se* motions have no legal effect and are therefore legal nullities). Thus, Appellant cannot enjoy the benefit of the prisoner mailbox rule to render his *pro se* post-sentence motion timely. ***See Commonwealth v. Chambers***, 35 A.3d 34 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012) (providing that *pro se* prisoner's document is deemed filed on date he delivers it to prison authorities for mailing pursuant to "prisoner mailbox rule").

Appellant's counsel did not file the amended post-sentence motion until February 4, 2019, which was patently untimely. **See** Pa.R.Crim.P. 720(A)(1). Additionally, the court did not expressly permit Appellant to file the post-sentence motion *nunc pro tunc*. ***See Commonwealth v. Dreves***, 839 A.2d 1122, 1128-29 (Pa.Super. 2003) (discussing circumstances in which court can permit defendant to file post-sentence motion *nunc pro tunc*; if trial court permits defendant to file post-sentence motion *nunc pro tunc*, court must do so expressly; if trial court does not expressly grant *nunc pro tunc* relief, time for filing appeal is neither tolled nor extended; trial court's resolution of merits of late post-sentence motion is no substitute for order expressly granting *nunc*

*pro tunc* relief). Further, in his PCRA petition requesting reinstatement of his appeal rights, Appellant did not ask the court to reinstate his post-sentence motion rights *nunc pro tunc*. Therefore, Appellant has failed to preserve his challenge to the validity of his guilty plea, rendering this issue waived on appeal.[8] *See Lincoln, supra*.

Regarding Appellant's second issue, we initially observe that a defendant who enters a negotiated guilty plea is precluded from challenging the discretionary aspects of his sentence. *See Commonwealth v. Dalberto*, 648 A.2d 16, 21 (Pa.Super. 1994), *cert. denied*, 516 U.S. 818, 116 S.Ct. 75, 133 L.Ed.2d 34 (1995) (stating "in a 'negotiated' plea agreement, where a sentence of specific duration has been made part of a plea bargain, it would clearly make a sham of the negotiated plea process for courts to allow defendants to later challenge their sentence; this would, in effect, give defendants a second bite at the sentencing process").

Here, Appellant challenges the court's authority to impose a sentence beyond the aggravated range for aggravated assault and the imposition of

---

[8] Moreover, we agree with counsel that this issue is frivolous. Appellant executed a written guilty plea colloquy and participated in an oral colloquy to confirm his plea was knowing, intelligent and voluntary. *See Commonwealth v. Muhammad*, 794 A.2d 378, 383 (Pa.Super. 2002) (explaining that plea colloquy must inquire into: "(1) the nature of the charges; (2) the factual basis of the plea; (3) the right to trial by jury; (4) the presumption of innocence; (5) the permissible range of sentences; and (6) the judge's authority to depart from any recommended sentence"). The plea colloquy covered each of these areas.

consecutive sentences. Although Appellant claims the court fashioned an "illegal" sentence, these complaints implicate the discretionary aspects of sentencing. *See id.* (explaining that challenge to imposition of consecutive sentences involves discretionary aspects of sentencing). *See also Commonwealth v. Holiday*, 954 A.2d 6 (Pa.Super. 2008), *appeal denied*, 601 Pa. 694, 972 A.2d 520 (2009) (discussing appellant's challenge to beyond-aggravated range sentence as discretionary aspects of sentencing issue). Nevertheless, Appellant entered a negotiated guilty plea, and the court imposed the agreed-upon sentence, so he is precluded from raising this claim on appeal.[9] *See Lincoln, supra*; *Dalberto, supra*. Following our independent review of the record, we agree the appeal is frivolous.[10] *See Dempster, supra*; *Palm, supra*. Accordingly, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw granted.

---

[9] We further note that Appellant's sentences were not illegal as they did not exceed the maximum penalties for his crimes. Appellant's convictions were each first-degree felonies, for which the maximum penalty is 20 years' imprisonment. *See* 18 Pa.C.S.A. § 1103(1) (stating person who has been convicted of felony of first degree may be sentenced to imprisonment "for a term which shall be fixed by the court at not more than 20 years").

[10] Appellant also discusses the court's failure to order a pre-sentence investigation ("PSI") report. "[A] claim that the court erred in failing to order a PSI report raises a [challenge to the] discretionary aspect[s] of sentencing"). *Commonwealth v. Flowers*, 950 A.2d 330, 331 (Pa.Super. 2008). Because Appellant entered a negotiated guilty plea, he cannot now challenge the discretionary aspects of his sentence. *See Lincoln, supra*; *Dalberto, supra*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/22/2021